NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1732
_____

ALLSTATE LIFE INSURANCE COMPANY

v.

GREGORY MCKEAN; TAMERA OCHS ROTHSCHILD,
as Executor of Margaret McKean's Estate


Tamera Ochs Rothschild,
                                        Appellant
_____

On Appeal from the United States District Court for the
Western District of Pennsylvania
(D.C. Civil No. 2-21-cv-01111)
District Judge: Honorable Marilyn J. Horan
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 15, 2023

Before: BIBAS, PORTER and FISHER, *Circuit Judges*.

(Filed: January 18, 2024)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

FISHER, *Circuit Judge*.

Faced with competing demands regarding a policy insuring the life of Margaret McKean, Allstate Life Insurance Company filed this interpleader action. Tamera Ochs Rothschild, who is the executor of Margaret McKean's estate, and Gregory McKean, who is the policy's beneficiary, filed cross-motions for summary judgment. The District Court granted Gregory McKean's motion and denied the executor's. We will affirm.[1]

The executor argues the District Court erred in holding that Kirke McKean, who was the guardian of Margaret McKean's estate before she died, lacked the power to terminate or surrender the policy.[2] Our interpretation of the relevant Pennsylvania statutes shows the District Court did not err. The Pennsylvania Probate, Estates, and Fiduciaries Code governs distributions from an incapacitated person's estate. 20 Pa. Stat. and Cons. Stat. § 5536. Paragraph (a) of Section 5536 provides that "[i]n general" the guardian of the estate may, "in the exercise of a reasonable discretion," expend "[a]ll income" of the estate for "the care and maintenance of the incapacitated person, without the necessity of court approval." *Id.* § 5536(a). Paragraph (a) also provides that the court "may authorize

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332 (diversity). We have jurisdiction under 28 U.S.C. § 1291 (final decisions of district courts). "We review the grant or denial of summary judgment de novo." *Cranbury Brick Yard, LLC v. United States*, 943 F.3d 701, 708 (3d Cir. 2019).

[2] The executor does not have a forfeiture problem. Her contention, both in the District Court and on appeal, is that Allstate was mistaken in rejecting the surrender request and no court order was required. *See Laurel Gardens, LLC v. McKenna*, 948 F.3d 105, 115 (3d Cir. 2020) (arguments raised before the district court are preserved for appeal).

or direct the payment or application of any or all of the income or principal of the estate of an incapacitated person for the care, maintenance or education of the incapacitated person." *Id.* So the guardian and the court may both expend income of the estate, but only the court may expend principal. Paragraph (a) lists other powers that belong to the court alone, such as providing for the incapacitated person's dependents and directing payments from the estate to the incapacitated person herself. *Id.*

Unlike paragraph (a), paragraph (b) makes no mention of the guardian. Rather, it provides that upon petition, with notice, and for good cause, "[t]he court . . . shall have the power to substitute its judgment for that of the incapacitated person . . . ." *Id.* § 5536(b). The court's power, paragraph (b) specifies, "shall include, but is not limited to, the power to" do a number of things—including "[e]xercis[ing] all rights and privileges under life insurance policies, annuity contracts or other plans or contractual arrangements providing for payments to the incapacitated person or to others after his death." *Id.* § 5536(b)(8).

The District Court held that, under Section 5536(b)(8), a court order was required for Margaret McKean's life insurance policy to be surrendered or terminated. The executor argues that Section 5536(b) does not limit a guardian's authority, but "merely provides that a court, in the event it is asked to do so, may substitute the court's own judgment for that of an incapacitated person." Reply Br. 7. Under this reading, either the guardian or the court could initiate the surrender of a life insurance policy. But the statutes indicate otherwise.

3

Pennsylvania law instructs us to "interpret statutory words . . . with reference to the context in which they appear." *O'Rourke v. Commonwealth*, 778 A.2d 1194, 1201 (Pa. 2001). Contextual interpretation means that "every portion of statutory language is . . . read 'together and in conjunction' with the remaining statutory language, 'and construed with reference to the entire statute.'" *Commonwealth v. Off. of Open Recs.*, 103 A.3d 1276, 1285 (Pa. 2014) (quoting *Bd. of Revision of Taxes v. City of Philadelphia*, 4 A.3d 610, 622 (Pa. 2010)).

In context—that is, construed as a whole—Section 5536(a) grants powers to the guardian and the court, while Section 5536(b) grants powers to the court only. Terminating a life insurance policy is among the court's paragraph (b) powers. 20 Pa. Stat. and Cons. Stat. § 5536(b)(8). There is no indication in the text that the court's powers may be exercised by a guardian as well. So if a guardian possesses the power to unilaterally surrender an insurance policy, that power does not come from Section 5536(b).

No other statute empowers a guardian to terminate a life insurance policy. The statute outlining the guardian's "powers, duties and liabilities" cross-references numerous other statutes, none of which concern life insurance. *See id.* § 5521(b). One cross-referenced statute allows the guardian to "transfer title to personal estate," i.e., personal property. *Id.* § 3319(a). A life insurance policy is personal property, *In re Est. of Sauers*, 32 A.3d 1241, 1249 (Pa. 2011), so the executor argues the guardian had the power to surrender the policy.

4

But Pennsylvania law instructs that "[a] conflict between various statutes or parts thereof is to be avoided and, if possible, the apparently conflicting provisions must be construed together with the more specific provisions prevailing over the general ones." *Hous. Auth. v. Pa. State Civ. Serv. Comm'n*, 730 A.2d 935, 946 (Pa. 1999); *see also* 1 Pa. Stat. and Cons. Stat. § 1933 (providing that the specific controls over the general). Section 5536(b)(8) speaks about life insurance policies specifically, so it controls over Section 3319(a), which speaks about personal property generally.

The executor offers several other arguments for reversal. She contends the guardian could surrender the policy under 20 Pa. Stat. and Cons. Stat. Section 5603(p)(3), which provides that an agent who possesses a power of attorney may "exercise all powers with respect to insurance and annuities that the principal could if present." The trouble with this assertion is that there is no power of attorney in this case. The executor asserts that the guardianship orders fit the bill because they are "writings" that "granted powers to the Guardian." Appellant's Br. 19. But a power of attorney is a specific document that "shall be signed by the principal," notarized, and "[w]itnessed by two individuals." 20 Pa. Stat. and Cons. Stat. § 5601(b). The guardianship orders meet none of those requirements, so Section 5603 is inapplicable.

Indeed, Section 5603 is more than inapplicable; it undermines the executor's position. If the Pennsylvania General Assembly had wanted to give guardians insurance-policy powers, it could have incorporated Section 5603(p)(3) into the guardianship statute. That statute incorporates no fewer than thirty-one others, but Section 5603 is not

on the list. *See id.* § 5521(b). Guardians therefore do not possess the powers contained in Section 5603.

The executor argues that a life insurance policy's surrender clause is a "continuous, irrevocable offer" that may be exercised by simply giving notice to the insurance company. *Varas v. Crown Life Ins. Co.*, 203 A.2d 505, 509 (Pa. Super. Ct. 1964); *Sonnenstein v. Mass. Mut. Life Ins. Co.*, 310 A.2d 371, 373 (Pa. Super. Ct. 1973). True, but that legal rule does not help resolve the issue of who had the power to exercise the option—which is the question we face here.

The executor also points to the guardianship orders, which direct that "[a]ll financial institutions, including without limitation banks, savings and loans, credit unions, and brokerages, shall grant the authority to the Guardian of Margaret A. McKean's estate [to] access . . . any and all assets, records, and accounts maintained for the benefit of Margaret A. McKean." JA 142. By court rule, this language must be included in guardianship orders. Pa. Orphans' Ct. R. 14.7(b)(2). The executor argues that "financial institutions" includes insurance companies. Therefore, she says, Allstate was required to grant the guardian access to the policy.

This language, however, governs access to "assets . . . maintained for the benefit of Margaret A. McKean." JA 142. A life insurance policy is for the benefit of the beneficiary, not the policy owner. The order therefore does not cover the policy— regardless of whether Allstate is a financial institution.

The executor's argument fails on its own terms as well. Opinions from this Court

6

and the Supreme Court do not help define a term in a Pennsylvania court rule. Statutes about business development credit corporations and parking authorities are inapposite. *See* 7 Pa. Stat. Ann. § 6040-2(2); 53 Pa. Stat. and Cons. Stat. § 5503. And the United States Sentencing Guidelines commentary is furthest afield, with no conceivable relationship to the Pennsylvania Probate, Estates, and Fiduciaries Code. *See* U.S.S.G. § 2B1.1 application note 1. Closer to home, several definitions of "financial institution" in the Code do not include insurance companies. *See* App. 12 (District Court examining 20 Pa. Stat. and Cons. Stat.§§ 4102(c), 5301.3, and 5537, which define "financial institution" to include entities like banks and credit unions).

But even if insurance companies were "financial institutions," the Pennsylvania Supreme Court has applied the specific-over-general principle to hold that "the specific provisions of [a] statutory scheme . . . must prevail over the more general provisions of our Rules of Civil Procedure to the extent the two regimes conflict." *Terra Firma Builders, LLC v. King*, 249 A.3d 976, 984 (Pa. 2021). The language of Section 5536(b)(8), which is about insurance policies specifically, would likewise control over the language of Orphans' Court Rule 14.7, which is about access to assets generally.

For all these reasons, we will affirm.